**FARUQI & FARUQI, LLP**
Lisa Omoto (SBN: 303830)
*lomoto@faruqilaw.com*
1901 Avenue of the Stars, Suite 1060
Los Angeles, California 90067
Telephone: (424) 256-2884
Facsimile: (424) 256-2885

*Counsel for Plaintiff and the Proposed Classes*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHANTAY SHAHBAZ, individually and on behalf of all others similarly situated,<br><br>                Plaintiff,<br><br>    v.<br><br>SUN BUM LLC d/b/a SUN BUM SUNCARE LLC,<br>                Defendant. | Case No. 2:23-cv-3400<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Shantay Shahbaz ("Plaintiff" or "Shahbaz") brings this Class Action Complaint against Sun Bum Suncare LLC ("Defendant") on behalf of herself and all others similarly situated, and alleges upon information and belief, the following:

## NATURE OF THE ACTION

1.      Plaintiff brings this consumer protection and false advertising class action lawsuit against Defendant regarding its misleading business practices with respect to the sale of its Sun Bum Face Mist products. The product at issue is the Sun Bum Original SPF 45 Sunscreen Face Mist ("Product").

2.      Defendant has marketed and sold the Product with labeling, packaging, and advertising that leads consumers to believe it is designed to be applied directly onto a person's face, when in fact, it is not. To accomplish this, the Product is prominently labeled as "Face Mist":



-1-

CLASS ACTION COMPLAINT

3.      By labeling the Product as "Face Mist," and further representing on the consumer-facing front of the Product that it is a "Refreshing" Face Mist Sunscreen, Defendant has misled consumers into believing that the Product is designed to be applied directly onto a person's face.

4.      To the reasonable consumer, those products labeled as "Face Mist" are understood as not only being capable of direct application onto the face, but are *supposed to be* directly applied onto the face. Indeed, it is this activity of direct application to the face which provides the "refreshing" quality of face mist products.

5.      The *defining* feature of face mist products is that they are to be applied directly onto a person's face to refresh the skin without touching the face: it is *through* this feature that the face mist products have carved out for themselves a slice of the skincare industry, and secured a step in many skincare routines.[1]

6.      Thus, it is a necessary condition of face mist products that they are to be directly applied onto the face. If a product is not to be applied directly onto the face, then it is not a "face mist," as that term is understood to mean to the reasonable consumer. Defendant's labeling of the Product as "Face Mist," is therefore misleading because it communicates to the reasonable consumer that the Product is designed to be directly applied onto the face, when it is not.

7.      Defendant's further representation that the Product is a "Refreshing" Face Mist, also communicates to reasonable consumers that the Product is designed to be directly applied onto the face. This is because the activity of spritzing a fine mist onto the face is refreshing for the skin of the face. Indeed, in the context of Defendant's targeted consumers—those who are lounging in the sun on a hot day— the spritzing of a fine mist onto the face is quite refreshing. As such, to state that the

---

[1] https://www.stives.com/whats-a-face-mist-and-why-add-it-to-your-skincare-routine (last visited May 4, 2023).

CLASS ACTION COMPLAINT

Products are "Refreshing," is to communicate to reasonable consumers that the Products are to be directly sprayed onto the face to enjoy that refreshing feeling.

8.     In fact, the Product cannot be refreshing if it must first be sprayed on the hands, then spread onto the face.  The act of spreading the Product onto a person's face with hands is not only *not* cooling or refreshing for the face, but actually generates more heat—by virtue of the warm hands moving and rubbing against the face—which is diametrically opposed to the "Refreshing" claim.

9.     Accordingly, by labeling the Product as a "Refreshing" Face Mist, Defendant has deceived reasonable consumers in believing that the Product is designed to be applied directly onto a person's face.

10.     The foregoing representations, taken in insolation and as a whole, lead reasonable consumers to believe that the Product is designed to be directly applied onto a person's face, when it is not.

11.     The "Directions" for applying the Product, which are listed in fine print on the back of the Product, state the following: "spray liberally and spread evenly by hand," and "do not spray directly into face. Spray on hands then apply to face":

CLASS ACTION COMPLAINT



**Face Mist**

Refreshing Face Mist Sunscreen
**Broad Spectrum SPF 45**
**Water Resistant (40 Minutes)**

Dermatologist Tested
Non-Comedogenic
Enriched with Witch Hazel



3.4 FL OZ / 100 mL

**Trust The Bum**

**Drug Facts**

| **Active ingredients** | **Purpose** |
|---|---|
| Avobenzone 3%, Homosalate 15% Octisalate 5%, Octocrylene 7% ..................... | Sunscreen |

**Uses** • helps prevent sunburn • if us; d as directed with other sun protection measures, (see **Directions**) decreases the risk of skin cancer and early skin aging caused by the sun

**Warnings**

For external use only

Flammable: do not use near heat, flame, or while smoking

Do not use on damaged or broken skin

When using this product keep out of eyes. Rinse with water to remove.

Stop use and ask a doctor if rash occurs

Keep out of reach of children. If swallowed, get medical help or contact a Poison Control Center immediately.

**Directions** • shake well before use • hold container 4 to 6 inches from the skin to apply • spray liberally and spread evenly by hand 15 minutes before sun exposure • do not spray directly into face. Spray on hands then apply to face. • do not apply in windy conditions • use in a well-ventilated area • reapply: • after 40 minutes of swimming or sweating • immediately after towel drying • at least every 2 hours • children under 6 months of age: ask a doctor • **Sun Protection Measures.** Spending time in the sun increases your risk of skin cancer and early skin aging. To decrease this risk, regularly use a sunscreen with a Broad Spectrum SPF value of 15 or higher and other sun protection measures including: limit time in the sun, especially from 10 a.m.-2 p.m. • wear long-sleeved shirts, pants, hats, and sunglasses

**Other information** • protect this product from excessive heat and direct sun • Do not store above 104° F / 40° C

**Inactive ingredients** alcohol denat./67%), iso-amyl cocoate, fragrance, hamamelis virginiana (witch hazel) water, tocopherol, alcohol

**Questions?** 1-877-978-6286

Mfg. for and Dist. by Sun Bum, LLC, PO Box 320598 Cocoa Beach, FL, 32932 USA. ©2020 Sun Bum, LLC. Product of USA. R444103.

40155 60061 -4

**Directions** • shake well before use • hold container 4 to 6 inches from the skin to apply • spray liberally and spread evenly by hand 15 minutes before sun exposure • do not spray directly into face. Spray on hands then apply to face. do not apply in windy conditions • use in a well-ventilated area • reapply: • after 40 minutes of swimming or sweating • immediately after towel drying · at least every 2 hours • children under 6 months of age: ask a doctor • **Sun Protection Measures.** Spending time in the sun increases your risk of skin cancer and early skin aging. To decrease this risk, regularly use a sunscreen with a Broad Spectrum SPF value of 15 or higher and other sun protection measures including: limit time in the sun, especially from 10 a.m.-2 p.m. • wear long-sleeved shirts, pants, hats, and sunglasses

CLASS ACTION COMPLAINT

12.    Consumers value face mist products that are designed to be applied directly to the face.  Had Plaintiff and other consumers known that the Product was not designed to be applied directly to the face, they would not have purchased the Product or would have paid significantly less for it.  Therefore, Plaintiff and other consumers have suffered an injury-in-fact as a result of Defendant's deceptive practices.

13.    Thus, Plaintiff, on behalf of herself and all others similarly situated, brings this case seeking damages, restitution, declaratory and injunctive relief, and all other remedies this Court deems appropriate.

## JURISDICTION AND VENUE

14.    Pursuant to Local Rule 8-1, Plaintiff states that this Court has original subject matter jurisdiction over this proposed class action pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d)(2). The matter in controversy, exclusive of interest and costs, exceeds the sum or value of $5,000,000. There is diversity of citizenship between some members of the proposed Class and Defendant.

15.    This Court has personal jurisdiction over Defendant because Defendant has sufficient minimum contacts with the State of California, and/or otherwise intentionally avails itself of the markets in the State of California through the promotion, marketing, and sale of the "Sun Bum" brand products, including the Sun Bum Original SPF 45 Sunscreen Face Mist, in this State to render the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice. Furthermore, Plaintiff's claims arise out of Defendant's conduct within California, including Defendant's conduct of disseminating in California false and misleading representations indicating that the Product is a "Face Mist" that is designed to be applied directly to the face. Additionally, Sun Bum LLC maintains its principal place of business in California.

CLASS ACTION COMPLAINT

16.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because Plaintiff purchased the Product in this District.  Furthermore, Defendant sells its Product within this District and caused harm to class members residing in this District.

## PARTIES

17.     Plaintiff is a citizen of and resides in Los Angeles, California. On or about July 2021, Ms. Shahbaz purchased Sun Bum Original SPF 45 Sunscreen Face Mist at an Ulta Beauty store in Porter Ranch, California. In purchasing the Product, Ms. Shahbaz saw and relied on Defendant's references to "Refreshing" and "Face Mist" on the consumer-facing front labels of the Product ("Representations").

18.     Based on these Representations, Ms. Shahbaz believed she was purchasing face mist that was designed to be sprayed directly to the face. However, unbeknownst to Ms. Shahbaz, the Product is not designed to be applied directly to the face. Ms. Shahbaz would not have purchased the Product or would have paid significantly less for it had she known that the Product should not be applied directly onto a person's face. Ms. Shahbaz therefore suffered an injury-in-fact and lost money as a result of Defendant's misleading, false, unfair, and fraudulent practices, as described herein.

19.     Despite being misled, Ms. Shahbaz would purchase the Product in the future if the Product was in fact designed to be applied directly to the face. While Ms. Shahbaz currently believes the Product is not designed to be applied directly to the face, she lacks personal knowledge as to Defendant's specific business practices, leaving doubt in her mind as to the possibility in the future that the Product could be designed to be applied directly to the face. This uncertainty, coupled with her desire to purchase the Product, and the fact that she regularly visits stores which sell the Product, is an ongoing injury that can and would be rectified by an injunction enjoining Defendant from making the false and/or misleading representations

-6-

alleged herein. In addition, Class members will continue to purchase the Product, reasonably but incorrectly believing that it is designed to be applied directly to the face, absent an injunction.

20.    Defendant Sun Bum LLC is a limited liability company organized under the laws of Michigan and maintains its principal place of business in Encinitas, California. The sole member of Sun Bum LLC is VMG Sun Bum Blocker, Inc., a Delaware corporation with a principal place of business in Racine, Wisconsin. Defendant sells a line of sunscreen and moisturizing skincare products, including the Sun Bum Original SPF 45 Sunscreen Face Mist, under the "Sun Bum" brand name. Sun Bum products are available at grocery retailers, pharmacies, and department stores in California, as well as online domestically and internationally. Defendant, directly and/or through its agents, is responsible for the manufacturing, packaging, marketing, distribution, and sale of the Sun Bum Products in California.

## FACTUAL ALLEGATIONS

21.    "Face Mist" is "[j]ust like it sounds ... a skin care product that you *spray on your face*."[2] Face Mists frequently come with health and utility benefits that could include UV-protections: "There are mists that tone skin, set makeup, act as a serum to nourish skin throughout the day, or even cool skin down."[3]

22.    Defendant markets and sells the Product with labeling, packaging, and advertising that leads reasonable consumers to believe that it is made for direct application to the face, when in fact, it is not. To accomplish this, the Product is prominently described as a "Refreshing" and "Face Mist" Sunscreen (the foregoing representations are herein collectively referred to as the "Representations"):

---

[2] *See* "What is a Face Mist and Why Add it to Your Skincare Routine," https://www.stives.com/whats-a-face-mist-and-why-add-it-to-your-skincare-routine (emphasis added) (last visited May 4, 2023).

[3] *See* Deanna Pai, "Why Face Mists Matter More Than You Think," https://www.glamour.com/story/why-you-need-face-mists (quoting Alicia Yoon, founder of Peach & Lily) (last visited May 4, 2023).

CLASS ACTION COMPLAINT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



CLASS ACTION COMPLAINT

23.     The term "Face Mist" necessarily invokes the image of a fine mist gently landing on the face.

24.     Other prominent face "mist" products regularly highlight this feature by displaying the mist spurt feature but also the product being applied directly to the face:[45]







---

[4] https://www.tatcha.com/product/luminous-dewy-skin-mist/CG01210T.html (last visited May 4, 2023).

[5] https://www.ulta.com/p/glass-skin-veil-mist-pimprod2018593?sku=2568145 (last visited May 4, 2023).

CLASS ACTION COMPLAINT

25.     Indeed, on its online product advertising, Defendant displays a picture of the Product in use with a fine mist coming from the canister, and another with the canister in close proximity to the face:[6]




26.     Further, Defendant describes the Product as "[m]ade to deliver *sheer*, *lightweight* protection from harmful UV rays[7]." This language invokes the "Mist" imagery and feeds into the perception that the Product is meant to land directly on the face, in the way a mist necessarily would.

27.     Face mists are understood to be refreshing because they hydrate the skin, and the act of applying the substance in mist form onto the face provides a pleasant cooling sensation, as opposed to first applying and rubbing in hands which creates heat, and then applying hands to face which creates more heat on the face.

---

[6] *See* https://www.sunbum.com/products/original-spf-45-sunscreen-face-mist, (Second and Third picture) (last visited May 4, 2023).

[7] *Id.* (see Why We Made This section) (emphasis added).

CLASS ACTION COMPLAINT

Defendant feeds into this common notion by characterizing the Product with the word "Refreshing."

28.    The direct application is also a functional benefit to face mists, as they frequently are used as a setting spray to prevent smudging and help the makeup last longer.[8]

29.    The foregoing Representations, taken in isolation, and as a whole, create the misleading impression that the Product is designed to be applied directly to the face.

30.    However, unbeknownst to consumers, the Product is not designed to be sprayed directly on the face.  Instead, the Product must be sprayed onto the hands and rubbed onto the face.

31.    Rather than receiving a "Refreshing" spray over their face, consumers are expected to spray the Product (which comes out in single dose spritzes) repeatedly into their hands before coating their face.

32.    At all relevant times pertaining to this Complaint, the Product was sold across California and the United States at pharmacies, grocery chains, department stores, and other retailers including online vendors.

33.    The Product's labeling, packaging, and marketing is misleading to reasonable consumers, including Plaintiff and other Class members, and only serve the profit-maximizing interests of Defendant.

34.    Defendant deceptively labeled and packaged the Product to target consumers who are interested in purchasing face mists that are designed to be applied directly to the face.

35.    As the entity responsible for the development, manufacturing,

---

[8] *See* Deanna Pai, "Why Face Mists Matter More Than You Think," https://www.glamour.com/story/why-you-need-face-mists (noting that spraying a face mist over makeup helps set the makeup and last longer) (last visited May 4, 2023).

CLASS ACTION COMPLAINT

packaging, advertising, distribution, and sale of the Product, Defendant knew or should have known that the Product falsely and deceptively misrepresent that the Product is designed to be sprayed directly on the face.

36.     Defendant knows, knew or should have known, that Plaintiff and other consumers did and would rely on the labeling, packaging, and advertising before purchasing the Product, and would reasonably believe that the Product was designed to be applied directly to the face.

37.     Because the Product was not designed to be applied directly to the face as reasonably expected by Plaintiff and other consumers, Defendant's marketing of the Product was and continues to be misleading and deceptive.

38.     Each consumer has been exposed to the same or substantially similar deceptive practices because: (1) each Product contains the Representations; and (2) each Product was not designed to be applied directly to the face.

39.      Plaintiff and other consumers have paid an unlawful premium for the Product. Plaintiff and other consumers would have paid significantly less for the Product had they known that the Product was not designed to be applied directly to the face. In the alternative, Plaintiff and other consumers would not have purchased the Product at all had they known that the Product was not designed to be applied directly to one's face. Therefore, Plaintiff and other consumers that purchased the Product suffered injury in fact and lost money as a result of Defendant's false, unfair, and fraudulent practices, as described herein.

40.     As a result of its misleading business practices, and the harm caused to Plaintiff and other consumers, Defendant should be enjoined from deceptively representing that the Product is designed to be applied directly to the face. Furthermore, Defendant should be required to pay for all damages caused to misled consumers, including Plaintiff.

-12-

CLASS ACTION COMPLAINT

## **CLASS ACTION ALLEGATIONS**

41.     Plaintiff brings this case as a class action that may be properly maintained pursuant to Federal Rule of Civil Procedure 23 on behalf of herself and on behalf of the following Nationwide Class, California Subclass, and California Consumer Subclass ("Classes"):

a. **The "Nationwide Class":** All persons who purchased the Product in the United States within the applicable statute of limitations period.

b. **The "California Subclass":** All persons who purchased the Product in California within the applicable statute-of-limitations period.

c. **The "California Consumer Subclass":** All persons who purchased the Product in California for personal, family, or household purposes within the applicable statute-of-limitations period.

42.     Excluded from the Classes are: (a) Defendant, Defendant's board members, executive-level officers, and attorneys, and immediate family members of any of the foregoing persons; (b) governmental entities; (c) the Court, the Court's immediate family, and the Court staff; and (d) any person that timely and properly excludes himself or herself from the Class in accordance with Court-approved procedures.

43.     Plaintiff is a member of the Nationwide Class, the California Subclass and the California Consumer Subclass.

44.     Plaintiff reserves the right to alter the Class definitions as Plaintiff deems necessary at any time to the full extent that the Federal Rules of Civil Procedure, the Local Rules of this District, and applicable precedent allow.

-13-

CLASS ACTION COMPLAINT

45.     Certification of Plaintiff's claims for class-wide treatment is appropriate because Plaintiff can prove the elements of the claims on a class-wide basis using the same evidence that individual Class members would use to prove those elements in individual actions alleging the same claims.

46.     **Numerosity**: The size of the Class is so large that joinder of all Class members is impracticable. Due to the nature of Defendant's business, Plaintiff believes there are thousands, if not hundreds of thousands, of Class members.

47.     **Predominance of Common Questions of Law and Fact**: There are questions of law and fact common to the Class. These questions predominate over any questions affecting only individual Class members.

48.     All Class members were exposed to Defendant's deceptive advertising and marketing representations indicating that the Product was designed to be sprayed directly on the face, when in fact it is not.

49.     Furthermore, common legal and factual questions include but are not limited to:

a.     whether Defendant engaged in the course of conduct alleged herein;

b.     whether Defendant's conduct is likely to deceive a reasonable consumer;

c.     whether Defendant's conduct constitutes an unfair or deceptive act or practice;

d.     whether Defendant violated the consumer protection statutes set forth below;

e.     whether Plaintiff and the Class members are entitled to actual, statutory, or other forms of damages and other monetary relief; and

f.     whether Plaintiff and the Class members are entitled to equitable

-14-

CLASS ACTION COMPLAINT

relief, including but not limited to injunctive relief and equitable restitution.

50.     Defendant engaged in a common course of conduct in contravention of the laws Plaintiff seeks to enforce individually and on behalf of Class members. Similar or identical statutory and common law violations, business practices, and injuries are involved. Individual questions, if any, pale by comparison, in both quality and quantity, to the numerous common questions that dominate this action. Moreover, the common questions will yield common answers that will materially advance the litigation.

51.     **Typicality**: Plaintiff's claims are typical of the claims of the Class members because Defendant injured all Class members through the uniform misconduct described herein; all Class members were subject to Defendant's false, misleading, and unfair advertising and marketing practices and representations, including the false and misleading representations indicating that the Product was designed to be sprayed directly on the face when, in fact, it was not; and Plaintiff seeks the same relief as Class members.

52.     Furthermore, there are no defenses available to Defendant that are unique to Plaintiff.

53.     **Adequacy of Representation**: Plaintiff is a fair and adequate representative of the Class because Plaintiff's interests do not conflict with the Class members' interests.

54.     Plaintiff has selected competent counsel that are experienced in class action and other complex litigation.

55.     Plaintiff will prosecute this action vigorously and is highly motivated to seek redress against Defendant. Plaintiff and Plaintiff's counsel are committed to prosecuting this action vigorously and have the resources to do so.

CLASS ACTION COMPLAINT

56. **<u>Injunctive or Declaratory Relief</u>**: The requirements for maintaining a class action pursuant to Rule 23(b)(2) are met, as Defendant has acted or refused to act on grounds generally applicable to the Class, thereby making final injunctive relief or corresponding declaratory relief an appropriate remedy.

57. **<u>Superiority</u>**: The class action mechanism is superior to other available means for the fair and efficient adjudication of this controversy for reasons including but not limited to the following:

    a.    The damages individual Class members suffered are small compared to the burden and expense of individual prosecution of the complex and extensive litigation needed to address Defendant's conduct.

    b.    Further, it would be virtually impossible for Class members individually to redress effectively the wrongs done to them. Even if Class members themselves could afford such individual litigation, the court system could not. Individualized litigation would unnecessarily increase the delay and expense to all parties and to the court system and presents a potential for inconsistent or contradictory rulings and judgments. By contrast, the class action device presents far fewer management difficulties, allows the hearing of claims which might otherwise go unaddressed because of the relative expense of bringing individual lawsuits, and provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

    c.    The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to individual Class members, which would establish incompatible standards of conduct for Defendant.

-16-

CLASS ACTION COMPLAINT

d.    The prosecution of separate actions by individual Class members would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of other Class members not parties to the adjudications or that would substantively impair or impede their ability to protect their interests.

58.    **Notice**: Plaintiff's counsel anticipates that notice to the proposed Class will be effectuated through Court-approved notice dissemination methods, which may include mail, Internet postings, and/or published notice.

## FIRST CLAIM FOR RELIEF
**Violation of California's Consumers Legal Remedies Act ("CLRA")**
**California Civil Code §§ 1750,** *et seq.*
(*for the Nationwide Class; in the alternative, for the California Consumer Subclass*)

59.    Plaintiff realleges Paragraphs 1-58 above as if fully set forth herein.

60.    Plaintiff brings this claim individually and on behalf of the members of the proposed Nationwide Class or, in the alternative, the California Consumer Subclass against Defendant.

61.    The Product is a "good" within the meaning of Cal. Civ. Code § 1761(a), and the purchase of such Product by Plaintiff and members of the California Consumer Subclass constitute "transactions" within the meaning of Cal. Civ. Code § 1761(e).

62.    Cal. Civ. Code § 1770(a)(5) prohibits "[r]epresenting that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have. . .." By marketing the Product with its current labels, packaging, and advertisements, Defendant has represented and continues to represent that the Product has characteristics (that it is designed to be applied directly to the face) when it does not have such characteristics. Therefore, Defendant has violated section 1770(a)(5) of the CLRA.

-17-

CLASS ACTION COMPLAINT

63.     Cal. Civ. Code § 1770(a)(7) prohibits "[r]epresenting that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another." By marketing the Product with its current labels, packaging, and advertisements, Defendant has represented and continues to represent that the Product is of a particular standard, quality, grade, or style (that it is designed to be applied directly to the face) when it is of another standard, quality, grade, or style (the Product is not designed to be applied directly to the face). Therefore, Defendant has violated section 1770(a)(7) of the CLRA.

64.     Cal. Civ. Code § 1770(a)(9) prohibits "[a]dvertising goods or services with intent not to sell them as advertised."  By labeling, packaging, and marketing the Products with the Representations so that a reasonable consumer would believe that the Product is designed to be applied directly to the face, Defendant has violated section 1770(a)(9) of the CLRA.

65.     At all relevant times, Defendant has known or reasonably should have known that the Product is not designed to be sprayed directly onto the face, and that Plaintiff and other members of the California Consumer Subclass would reasonably and justifiably rely on the Representations in purchasing the Products.

66.     Plaintiff and members of the California Consumer Subclass have reasonably and justifiably relied on Defendant's misleading and fraudulent conduct when purchasing the Product. Moreover, based on the very materiality of Defendant's fraudulent and misleading conduct, reliance on such conduct as a material reason for the decision to purchase the Product may be presumed or inferred for Plaintiff and members of the California Consumer Subclass.

67.     Plaintiff and members of the California Consumer Subclass have suffered and continue to suffer injuries caused by Defendant because they would not have purchased the Product or would have paid significantly less for the Product had they known that Defendant's conduct was misleading and fraudulent.

68.     Under Cal. Civ. Code § 1780(a), Plaintiff and members of the California Consumer Subclass are seeking injunctive relief pursuant to the CLRA, preventing Defendant from further wrongful acts, unfair and unlawful business practices, as well as restitution, disgorgement of profits, and any other relief this Court deems proper.

69.     Pursuant to Cal. Civ. Code § 1782, on July 22, 2022, counsel mailed a notice and demand letter by certified mail, with return receipt requested, to Defendant. Defendant received the notice and demand letter on July 26, 2022 (in Glendale, California). The CLRA letter to Defendant that provided notice of Defendant's violation of the CLRA demanded Defendant correct, repair, refund, or otherwise rectify the unlawful, unfair, false, and deceptive practices complained of herein. The letter also stated that if Defendant refused to do so, Plaintiff would file a complaint seeking damages in accordance with the CLRA. Defendant failed to comply with the letter.

70.     Because Defendant has failed to fully rectify or remedy the damages caused after waiting more than the statutorily required 30 days after it received both the notice and demand letters, Plaintiff timely filed this complaint against Defendant.

## SECOND CLAIM
### Violation of California's False Advertising Law
### CAL. BUS. & PROF. CODE § 17500 *et seq.*
### (*for the Nationwide Class; in the alternative, for the California Subclass*)

71.     Plaintiff realleges Paragraphs 1-58 above as if fully set forth herein.

72.     Plaintiff brings this claim on behalf of the Nationwide Class or, in the alternative, the California Subclass for violation of California's False Advertising Law, CAL. BUS. & PROF. CODE § 17500 *et seq.* (the "FAL").

73.     The FAL prohibits advertising "which is untrue or misleading, and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading." CAL. BUS. & PROF. CODE § 17500.

-19-

74.     As detailed above, Defendant's marketing and sale of the Products to Plaintiff and other members of the Nationwide Class and the California Subclass is likely to deceive a reasonable consumer because Defendant's representations are likely to lead a reasonable consumer to believe the Product was designed to be sprayed directly on the face, when in fact it is not.

75.     In reliance of Defendant's false and misleading representations indicating the Product is designed to be sprayed directly on the face, Plaintiff and the other members of the Nationwide Class and California Subclass purchased the Product. Moreover, based on the very materiality of Defendant's fraudulent and misleading conduct, reliance on such conduct as a material reason for the decision to purchase the Product may be presumed or inferred for Plaintiff and the members of the Nationwide Class and California Subclass.

76.     Defendant knew or should have known that its labeling and marketing of the Product is likely to deceive a reasonable consumer.

77.     Plaintiff requests that this Court cause Defendant to restore this fraudulently obtained money to Plaintiff and members of the Nationwide Class and California Subclass, to disgorge the profits Defendant made on these transactions, and to enjoin Defendant from violating the FAL or violating it in the same fashion in the future as discussed herein. Otherwise, Plaintiff and members of the Nationwide Class and California Subclass may be irreparably harmed and/or denied an effective and complete remedy if such an order is not granted.

**THIRD CLAIM**
**Violation of California's Unfair Competition Law**
**CAL. BUS. & PROF. CODE § 17200** *et seq.*
**(*for the Nationwide Class; in the alternative, for the California Subclass*)**

78.     Plaintiff realleges Paragraphs 1-58 above as if fully set forth herein.

79.     Plaintiff brings this claim against Defendant on behalf of the Nationwide Class or, in the alternative, the California Subclass for violation of the

"unlawful," "unfair," and "fraudulent" prongs of California's Unfair Competition Law, CAL. BUS. & PROF. CODE § 17200 *et seq.* (the "UCL").

80.    The circumstances giving rise to the allegations of Plaintiff and the members of the Nationwide Class and California Subclass include Defendant's corporate policies regarding the marketing, sale, and provision of the Product.

81.    The UCL prohibits "unfair competition," which it defines to "mean and include any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising and any act prohibited by [the FAL]." CAL. BUS. & PROF. CODE § 17200.

82.    Under the UCL, a business act or practice is "unlawful" if it violates any established state or federal law.

83.    As detailed herein, Defendant's acts, misrepresentations, omissions, and practices violate the FAL and the CLRA. On account of each of these violations of law, Defendant has also violated the "unlawful" prong of the UCL.

84.    As a result of Defendant's unlawful business acts and practices, Defendant has and continues to unlawfully obtain money from Plaintiff and members of the Nationwide Class and California Subclass.

85.    Under the UCL, a business act or practice is "unfair" if the defendant's conduct is substantially injurious to consumers, offends public policy, and is immoral, unethical, oppressive, and unscrupulous, as the benefits for committing such acts of practices are outweighed by the gravity of the harm to the alleged victims.

86.    Defendant's conduct was and continues to be of no benefit to purchasers of the Products, as it is misleading, unfair, unlawful, and is injurious to consumers who purchased the Product and were deceived by Defendant's misrepresentations. Deceiving consumers about the Product being designed to be sprayed directly on to the face is of no benefit to consumers. Therefore, Defendant's

CLASS ACTION COMPLAINT

conduct was and continues to be "unfair."

87.     As a result of Defendant's unfair business acts and practices, Defendant has and continues to unlawfully obtain money from Plaintiff and members of the Nationwide Class and California Subclass.

88.     Second, Defendant committed "unlawful," "unfair," and/or "fraudulent" business acts or practices by, among other things, engaging in conduct Defendant knew or should have known would be likely to and did deceive reasonable consumers, including Plaintiff and the members of the Nationwide Class and California Subclass. By relying on Defendant's false and misleading representations indicating the Product was designed to be sprayed directly to the face, Plaintiff and the other members of the Nationwide Class and California Subclass purchased the Product. Moreover, based on the very materiality of Defendant's fraudulent and misleading conduct, reliance on such conduct as a material reason for the decision to purchase the Product may be presumed or inferred for Plaintiff and the members of the Nationwide Class and California Subclass.

89.     Defendant knew or should have known that its labeling and marketing of the Product would likely deceive a reasonable consumer.

90.     Plaintiff requests that this Court cause Defendant to restore this unlawfully, unfairly, and fraudulently obtained money to Plaintiff, and members of the Nationwide Class and California Subclass, to disgorge the profits Defendant made on these transactions, and to enjoin Defendant from violating the UCL or violating it in the same fashion in the future as discussed herein. Otherwise, Plaintiff, and members of the Nationwide Class and California Subclass, may be irreparably harmed and/or denied an effective and complete remedy if such an order is not granted.

CLASS ACTION COMPLAINT

**<u>FOURTH CLAIM FOR RELIEF</u>**
**Breach of Express Warranty**
**California Commercial Code § 2313**
(*for the Nationwide Class; in the alternative, for the California Subclass*)

91.    Plaintiff realleges Paragraphs 1-58 above as if fully set forth herein.

92.    Plaintiff brings this claim individually and on behalf of the members of the Nationwide Class or, in the alternative, the California Subclass against Defendant.

93.    California's express warranty statutes provide that "(a) Any affirmation of fact or promise made by the seller to the buyer which relates to the goods and becomes part of the basis of the bargain creates an express warranty that the goods shall conform to the affirmation or promise," and "(b) Any description of the goods which is made part of the basis of the bargain creates an express warranty that the goods shall conform to the description." Cal. Com. Code § 2313.

94.    Defendant has expressly warranted on the Product's packaging that it is a "refreshing face mist." However, as alleged herein, this express representation is patently false, as the Product is not designed to be applied directly to the face.

95.    These representations about the Product: (a) are affirmations of fact or promises made by Defendant to consumers that the Product is designed to be sprayed directly onto the face; (b) became part of the basis of the bargain to purchase the Product when Plaintiff and other consumers relied on the representation; and (c) created an express warranty that the Product would conform to the affirmations of fact or promises. In the alternative, the representations about the Product is descriptions of goods which were made as part of the basis of the bargain to purchase the Product, and which created an express warranty that the Product would conform to the product description.

96.    Plaintiff and members of the Classes reasonably and justifiably relied on the foregoing express warranties, believing that the Product did in fact conform

-23-

CLASS ACTION COMPLAINT

to those warranties.

97.   Defendant has breached the express warranties made to Plaintiff and members of the Nationwide Class and California Subclass by failing to design and manufacture the Product to be sprayed directly onto the face.

98.   Plaintiff and members of the Classes paid a premium price for the Products but did not obtain the full value of the Products as represented. If Plaintiff and members of the Classes had known of the true nature of the Product, they would not have been willing to pay the premium price associated with the Product.

99.   As a result, Plaintiff and members of the Classes suffered injury and deserve to recover all damages afforded under the law.

100.   Within a reasonable amount of time after Plaintiff discovered that Defendant did in fact breach the express warranty, Plaintiff notified Defendant of the breach.

**<u>FIFTH CLAIM FOR RELIEF</u>**
**Breach of Implied Warranty**
**California Commercial Code § 2314 (2)(f)**
***(for the Nationwide Class; in the alternative, for the California Subclass)***

101.   Plaintiff realleges Paragraphs 1-58 above as if fully set forth herein.

102.   Plaintiff brings this claim individually and on behalf of the members of the Nationwide Class or, in the alternative, the California Subclass against Defendant.

103.   California's implied warranty of merchantability statute provides that "a warranty that the goods shall be merchantable is implied in a contract for their sale if the seller is a merchant with respect to goods of that kind."  Cal. Com. Code § 2314(1).

104.   California's implied warranty of merchantability statute also provides that "[g]oods to be merchantable must be at least such as . . . (f) [c]onform to the promises or affirmations of fact made on the container or label if any."  Cal. Com.

-24-

Code § 2314(2)(f).

105.   Defendant is a merchant with respect to the sale of the Product. Therefore, a warranty of merchantability is implied in every contract for sale of the Product to California consumers.

106.   By advertising the Product with their current packaging, Defendant made an implied promise that the Product is designed to be sprayed directly onto the face. The Product does not "conform to the promises…made on the container or label" because it is not designed to be applied directly to the face. Plaintiff, as well as consumers, did not receive the goods as impliedly warranted by Defendant to be merchantable.

107.   Therefore, the Product is not merchantable under California law and Defendant has breached its implied warranty of merchantability in regard to the Product.

108.   If Plaintiff and members of the Nationwide Class and California Subclass had known that the Product was not designed to be sprayed directly onto the face, they would not have been willing to pay the premium price associated with it or would not have purchased it at all. Therefore, as a direct and/or indirect result of Defendant's breach, Plaintiff and members of the Nationwide Class and California Subclass have suffered injury and deserve to recover all damages afforded under the law.

## SIXTH CLAIM FOR RELIEF
### Common law Fraud
***(for the Nationwide Class; in the alternative, for the California Subclass)***

109.   Plaintiff realleges Paragraphs 1-58 above as if fully set forth herein.

110.   Plaintiff brings this claim individually and on behalf of the members of the Nationwide Class or, in the alternative, the California Subclass against Defendant.

111.   Defendant has willfully, falsely, or knowingly packaged and marketed

-25-

the Product in a manner indicating that the Product was designed to be sprayed directly onto the face when they are not. Therefore, Defendant has made knowing, fraudulent misrepresentations as to the Product.

112. Defendant's misrepresentations are and were material (*i.e.*, the type of misrepresentations to which a reasonable person would attach importance and would be induced to act thereon in making purchase decisions) because they relate to the central characteristics of the Product: that it is a face mist designed to be sprayed directly onto the face. The Product's consumer-facing label misleads consumers regarding this central characteristic because the Product is not, in fact, designed to be sprayed directly onto the face.

113. Defendant knew or recklessly disregarded the fact that the Product is not, unbeknownst to consumers, designed to be sprayed directly onto the face.

114. Defendant intends that Plaintiff and other consumers rely on these misrepresentations, as they are pertaining to facts that, if revealed to consumers, would affect their payment decisions in that they would not have purchased the Product, or would have been willing to pay substantially less.

115. Plaintiff and members of the Nationwide Class and California Subclass have reasonably and justifiably relied on Defendant's misrepresentations when purchasing the Product and had the correct facts been known, would not have purchased the Product, or would not have purchased it at the prices at which it was offered.

116. Therefore, as a direct and proximate result of Defendant's fraud, Plaintiff and members of the Nationwide Class and California Subclass have suffered economic losses and other general and specific damages, including but not limited to the amounts paid for the Product, and any interest that would have accrued on those monies, all in an amount to be proven at trial.

CLASS ACTION COMPLAINT

**SEVENTH CLAIM FOR RELIEF**
**Quasi Contract/Unjust Enrichment/Restitution**
(*for the Nationwide Class; in the alternative, for the California Subclass*)

117.    Plaintiff realleges paragraphs 1-58 above as if fully set forth herein.

118.    Plaintiff brings this claim individually and on behalf of the members of the Nationwide Class or, in the alternative, the California Subclass against Defendant.

119.    As alleged herein, Defendant has intentionally, recklessly, and/or negligently made misleading representations to Plaintiff and members of the Classes to induce them to purchase the Product. Plaintiff and members of the Nationwide Class and California Subclass have reasonably relied on the misleading representations. Plaintiff and members of the Nationwide Class and California Subclass therefore have been induced by Defendant's misleading and false representations about the Product, and purchased them when they would not otherwise and/or paid more that they would otherwise be willing to pay.

120.    Plaintiff and members of the Nationwide Class and California Subclass have conferred a benefit upon Defendant as Defendant has retained monies paid to it by Plaintiff and members of the Nationwide Class and California Subclass.

121.    The monies received were obtained under circumstances that were at the expense of Plaintiff and members of the Nationwide Class and California Subclass – *i.e.*, Plaintiff and members of the Nationwide Class and California Subclass did not receive the full value of the benefit conferred upon Defendant because Defendant represented that the Product was designed to be sprayed directly onto the face when it was not.

122.    Therefore, it is inequitable and unjust for Defendant to retain the profit, benefit, or compensation conferred upon it without paying Plaintiff and the members of the Nationwide Class and California Subclass back for the difference of the full value of the benefits compared to the value actually received.

-27-

123.   As a direct and proximate result of Defendant's unjust enrichment, Plaintiff and members of the Nationwide Class and California Subclass are entitled to restitution, disgorgement, and/or the imposition of a constructive trust upon all profits, benefits, and other compensation obtained by Defendant from its deceptive, misleading, and unlawful conduct as alleged herein.

**EIGHTH CLAIM FOR RELIEF**
**Intentional Misrepresentation**
***(for the Nationwide Class; in the alternative, for the California Subclass)***

124.   Plaintiff realleges paragraphs 1-58 above as if fully set forth herein.

125.   Plaintiff brings this claim individually and on behalf of the members of the Nationwide Class or, in the alternative, the California Subclass against Defendant.

126.   Defendant marketed the Product in a manner indicating that the Product is designed to be sprayed directly onto the face when, in fact, it is not. Therefore, Defendant has made misrepresentations about the Product.

127.   Defendant's misrepresentations regarding the Product are material to a reasonable consumer because they relate to the central characteristics of the Product. A reasonable consumer would attach importance to such representations and would be induced to act thereon in making purchase decisions.

128.   At all relevant times when such misrepresentations were made, Defendant knew that the representations were misleading, or has acted recklessly in making the representations, without regard to the truth.

129.   Defendant intends that Plaintiff and other consumers rely on these representations, as evidenced by the intentional and conspicuous placement of the misleading representations on the Product's packaging by Defendant.

130.   Plaintiff and members of the Nationwide Class and California Subclass have reasonably and justifiably relied on Defendant's intentional misrepresentations when purchasing the Product, and had the correct facts been known, would not have

**CLASS ACTION COMPLAINT**

purchased the Product or would not have purchased it at the prices at which it was offered.

131.   Therefore, as a direct and proximate result of Defendant's intentional misrepresentations, Plaintiff and members of the Classes have suffered economic losses and other general and specific damages, including but not limited to the amounts paid for the Product, and any interest that would have accrued on those monies, all in an amount to be proven at trial.

### NINTH CLAIM FOR RELIEF
**Negligent Misrepresentation**
(***for the Nationwide Class; in the alternative, for the California Subclass***)

132.   Plaintiff realleges paragraphs 1-58 above as if fully set forth herein.

133.   Plaintiff brings this claim individually and on behalf of the members of the Nationwide Class or, in the alternative, the California Subclass against Defendant.

134.   Defendant marketed the Product in a manner indicating that the Product is designed to be applied directly to the face when, in fact, it is not. Therefore, Defendant has made misrepresentations about the Product.

135.   Defendant's misrepresentations regarding the Product are material to a reasonable consumer because they relate to the central characteristics of the Product. A reasonable consumer would attach importance to such representations and would be induced to act thereon in making purchase decisions.

136.   At all relevant times when such misrepresentations were made, Defendant knew or had been negligent in not knowing that the Product was not designed to be sprayed directly onto the face. Defendant had no reasonable grounds for believing its misrepresentations were not false and misleading.

137.   Defendant intends that Plaintiff and other consumers rely on these representations, as evidenced by the intentional and conspicuous placement of the misleading representations on the Product's packaging by Defendant.

-29-

CLASS ACTION COMPLAINT

138.   Plaintiff and members of the Nationwide Class and California Subclass have reasonably and justifiably relied on Defendant's negligent misrepresentations when purchasing the Product, and had the correct facts been known, would not have purchased the Product or would not have purchased them at the prices at which they were offered.

139.   Therefore, as a direct and proximate result of Defendant's negligent misrepresentations, Plaintiff and members of the Nationwide Class and California Subclass have suffered economic losses and other general and specific damages, including but not limited to the amounts paid for the Product, and any interest that would have accrued on those monies, all in an amount to be proven at trial.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of the members of the Classes, respectfully requests the Court to enter an Order:

A.    certifying the proposed Classes under Federal Rule of Civil Procedure 23(a), (b)(2), and (b)(3), as set forth above;

B.    declaring that Defendant is financially responsible for notifying the Class members of the pendency of this suit;

C.    declaring that Defendant has committed the violations of law alleged herein;

D.    providing for any and all injunctive relief the Court deems appropriate;

E.    awarding statutory damages in the maximum amount for which the law provides;

F.    awarding monetary damages, including but not limited to any compensatory, incidental, or consequential damages in an amount that the Court or jury will determine, in accordance with applicable law;

G.    providing for any and all equitable monetary relief the Court deems appropriate;

-30-

CLASS ACTION COMPLAINT

H.     awarding punitive or exemplary damages in accordance with proof and in an amount consistent with applicable precedent;

I.     awarding Plaintiff reasonable costs and expenses of suit, including attorneys' fees;

J.     awarding pre- and post-judgment interest to the extent the law allows; and providing such further relief as this Court may deem just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury on all claims so triable.

Date: May 4, 2023                          Respectfully submitted,

**FARUQI & FARUQI, LLP**
By: */s/ Lisa T. Omoto*
Lisa T. Omoto (SBN 303830)
*lomoto@faruqilaw.com*
1901 Avenue of the Stars, Suite 1060
Telephone: (424) 256-2884
Facsimile: (424) 256-2885

*Counsel for Plaintiff*
*and the Proposed Classes*

-31-

CLASS ACTION COMPLAINT

**CLRA Venue Declaration Pursuant to California Civil Code Section 1780(d)**

I, Shantay Shahbaz, declare as follows:

1.    I am a Plaintiff in this action and a citizen of the State of California. I have personal knowledge of the facts stated herein and, if called as a witness, I could testify competently thereto.

2.    This Class Action Complaint is filed in the proper place of trial because Defendant is doing business in this District, and also because the transaction underlying this action occurred in this District.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, executed on ___5/1/2023 | 8:01 PM PDT___ at Los Angeles, California.

DocuSigned by:

*Shantay Shahbaz*
329060736310420...
_____

Shantay Shahbaz

CLASS ACTION COMPLAINT